```
                                                                              FILED
IN THE UNITED STATES DISRTRICT COURT
    FOR THE MIDDLE DISTRICT OF FLORIDA
              JACKSONVILLE DIVISION           2013
                                              2011 NOV 29  ᴅ 8: 43
```

| | |
|---|---|
| PRUDENCIA FRAYSAVAGE ) | CASE NO.: |
| 4336 Eagle Landing Parkway ) | |
| Orange Park, Florida 32065, ) | 3:13-cv-1476-J-20JRK |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| vs. ) | |
| ) | |
| CONSOLIDATED CITY OF JACKSONVILLE ) | |
| c/o Cindy Laquidara, General Counsel ) | |
| Office of the General Counsel ) | |
| 117 W. Duval Street, Suite 480 ) | |
| Jacksonville, Florida 33202, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT
(Type: Race Discrimination, Retaliation/ Retaliatory Harassment)

### JURY DEMAND ENDORSED HEREON

1. This is a race discrimination, retaliation and harassment case brought by an African-American firefighter employed by the Jacksonville Fire & Rescue Department.

2. Plaintiff Prudencia Fraysavage is an African-American person residing in the Consolidated City of Jacksonville and employed by the Jacksonville Fire & Rescue Department.

3. Defendant Consolidated City of Jacksonville ("City") is a municipal corporation located in the State of Florida.

4. Defendant City operates the Jacksonville Fire & Rescue Department as part of its government functions.

### JURISDICTION

5. Plaintiff filed her charge of discrimination with the EEOC, which issued a right-to-sue notification which Plaintiff received on August 28, 2013; Plaintiff is filing this complaint within 90 days of her receipt of this right-to-sue notification.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. 1331, federal question jurisdiction.

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c).

## FACTS

8. Plaintiff was hired by Jacksonville Fire & Rescue Department in December, 1990.

9. Since her employment, Plaintiff has accumulated a good work record.

10. Plaintiff is a named plaintiff in *Smith v. Consolidated City of Jacksonville*, which is a case filed in April, 2011, United States district Court for the Middle District of Florida case number 3:11 CV 345-TJC-MCR, challenging the discriminatory impact of promotional process used by the Jacksonville Fire & Rescue Department.

11. In 2009, Plaintiff had filed an EEOC charge alleging that the promotional process had a discriminatory impact on black firefighters.

12. Prior to the filing of the *Smith v. Consolidated City of Jacksonville* complaint, Plaintiff had been engaged in a protracted mediation process relating to EEOC charges filed by her and others relating to the discriminatory promotional process.

13. Since filing her charges of discrimination and filing suit as a plaintiff, Plaintiff has been subjected to ongoing harassment in her employment, including:

    a. Being hit with a stream of water from a high-pressure deck gun by another firefighter, who was not disciplined;

    b. Being refused riding out of class with its accompanying increase in pay in accordance with established Jacksonville Fire & Rescue Department policies;

    c. Involuntarily transferred from her assigned station into a roving officer position, requiring her to be assigned to a different station on a per shift basis;

    d. Being subjected to discipline for conduct for which other firefighters who engaged in the same conduct were not;

    e. Being subjected to different standards for work than other firefighters.

14. As a result of the various acts and omissions of the Defendant, Plaintiff has suffered and continues to suffer damages in terms of loss of compensation entitling him to compensatory damages.

15. As a result of the various acts and omissions of the Defendant, Plaintiff has suffered and continues to suffer damages in terms of general loss of enjoyment of life, humiliation and embarrassment, all entitling him to the award of compensatory damages.

16. Due to the intentional, wanton and willful violation of his rights, Plaintiff is entitled to the recovery of punitive damages.

## COUNT I
### Retaliation/Retaliatory Harassment
### Title VII

17. Plaintiff incorporates by reference each of the allegations contained in paragraph 1 through 16 of this complaint as if fully rewritten herein.

18. Defendant's conduct towards Plaintiff constitutes retaliation and retaliatory harassment in violation of 42 U.S.C. 2000e2, et seq. (TitleVII).

## COUNT II
### Race Discrimination
### Title VII

19. Plaintiff incorporates by reference each of the allegations contained in paragraph 1 through 16 of this complaint as if fully rewritten herein.

20. Defendant's conduct towards Plaintiff constitutes race discrimination in violation of 42 U.S.C. 2000e2, et seq. (TitleVII).

## COUNT III
### Retaliation/Retaliatory Harassment
### Florida Statutes Chapter 760

21. Plaintiff incorporates by reference each of the allegations contained in paragraph 1 through 16 of this complaint as if fully rewritten herein.

22. Defendant's conduct towards Plaintiff constitutes retaliation and retaliatory harassment in violation of Florida Statutes Chapter 760

## COUNT IV
## Race Discrimination
## Florida Statutes Chapter 760

23. Plaintiff incorporates by reference each of the allegations contained in paragraph 1 through 15 of this complaint as if fully rewritten herein.

24. Defendant's conduct towards Plaintiff constitutes race discrimination in violation of 42 U.S.C. 2000e2, et seq. (TitleVII).

*Wherefore*, Plaintiff prays this Court grant her judgment against Defendant Consolidated City of Jacksonville and award the following relief:

    a. Compensatory damages in terms of loss of compensation;

    b. General compensatory damages;

    c. Punitive damages;

    d. Costs incurred to prosecute this action;

    e. Any other relief this Court deems necessary and just.

Prudencia Fraysavage, *pro se*
4336 Eagle Landing Parkway
Orange Park, Florida 32065
Telephone: 904-406-5557

## JURY DEMAND

Plaintiff demands a jury trial for each of his claims and causes of action to the extent provided by law.

Prudencia Fraysavage